Burnes, J.
The defendant has moved to extend the discovery deadline for the purpose of taking the plaintiffs’ depositions. The plaintiffs oppose this motion, saying that the discovery deadline has long since expired and the defendants had not noticed these depositions within the time allotted for discovery.
This case was filed in 1994. The Tracking Order provided that depositions were to be completed by September 30, 1996. Trial is now scheduled for July 13, 1998.
By September 30, 1996, the plaintiffs had noticed all the depositions that they wished to take. All of these depositions had not yet occurred. The defendant had not noticed the depositions of the plaintiffs, although counsel had written six months before the end of the discovery period seeking to schedule those depositions. The plaintiff has taken depositions since September 30, 1996.
Superior Court Standing Order 1-88, since amended in ways not pertinent here, established time standards by which certain events should occur in the life of any civil lawsuit. The stated purpose of the Standing Order was to reduce delay and cost of litigation and, along with all the other rules, “secure the just, speedy and inexpensive determination of every action." Mass.R.Civ.P. 1.
However, it appears that the defendant did timely seek this discovery. The court does not think that this entire matter should turn on whether the defendant actually sent a formal notice, particularly when it appears that the plaintiffs have had some advantage from bending the rules, that is, taking depositions after the time allowed under the Tracking Order. Further, trial is not imminent. Nevertheless, the court takes seriously the time standards set for this court, and does not condone the dilatoriousness of the defendant in noticing the depositions of the plaintiffs. Therefore, the court enters the following order, which includes sanctions to be paid by the defendant for its delay.
ORDER
The defendant may take the deposition of the plaintiffs, so long as these depositions are noticed and concluded within one month of the date of this order, absent further order of the court on motion of either plaintiffs or defendant. The deposition of plaintiff Mary Mancuso shall be taken at her house or other convenient place selected by this plaintiff. As a sanction for not complying with the rules and the Tracking Order in this case, costs of the depositions, including reasonable counsel fees of the plaintiffs, shall be paid by the defendant up to an amount not to exceed $1000.